Chief Judge Desmond (dissenting).
I dissent and vote to reverse and order a new trial.
Detective Pickett himself admitted several times in his testimony that he obtained the incriminating statement from defendant by telling defendant that the detective ‘ ‘ wanted his *262 statement only as a witness ’ that the police wanted and needed “help ” from defendant, that defendant’s statement would be used only as evidence before the Grand Jury, and that defendant would not be indicted for the crime. That promise was broken with the result that defendant is serving a prison sentence on his conviction, based in part on this very confession, of being an accessory to this same homicide (Penal Law, §§ 2, 1934). In addition, defendant received a suspended sentence on a charge of criminally possessing a pistol, which charge arose out of the disposition by defendant of the firearm used by the killer, a fact established by the same confession.
This confession was, therefore, involuntary and the product of testimonial compulsion and so inadmissible as matter of law. Section 395 of our Code of Criminal Procedure, it is true, does not literally cover this situation since its prohibition is against the reception in evidence of a confession ‘1 made upon a stipulation of the district attorney, that he shall not be prosecuted therefor ”. However, section 395 is not the whole of the law as to admissibility of a confession gotten by a promise, later broken, that the person confessing would not be prosecuted. The statements concededly made to this defendant by the detective were intended to mean and must have meant to defendant that he would not be prosecuted on any charge growing out of the homicide which was being investigated. This should and does bar it from any lawful evidentiary use against defendant (People v. Kurtz, 42 Hun 335 [1886], cited with approval in People v. Leyra, 302 N. Y. 353, 366).
In the Kurtz case there was a question of fact as to whether a private detective’s promise of immunity had been later withdrawn by the District Attorney when the latter heard about it. No such issue is here. The Kurtz decision shows, too, that the argument against admissibility here does not derive from any modern rulings as to confessions but from law that is sound and fair and old (see, also, Bram v. United States, 168 U. S. 532, 542 et seq.; Lisenba v. California, 314 U. S. 219, 237; Haynes v. Washington, 373 U. S. 503, 513-515).
The use of this confession was unlawful not because it was obtained by deception (People v. Everett, 10 N Y 2d 500) but because of testimonial compulsion and deprivation of due process. This point is available to defendant although not specifically *263 raised at the trial (Malloy v. Hogan, 378 U. S. 1; People v. McLucas, 15 N Y 2d 167).
The judgment should be reversed and a new trial ordered.
Judges Dye, Burke, Scileppi and Bergan concur with Judge Van Voorhis ; Chief Judge Desmond dissents in an opinion in which Judge Fuld concurs.
Judgment affirmed.